UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO MONTES REGALADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | No.  1:26-cv-01154-JLT-CDB (HC)<br><br>ORDER APPOINTING COUNSEL FOR PETITIONER<br><br>(Doc. 3)<br><br>ORDER DENYING FEDERAL DEFENDER'S *AMICUS* MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. 12)<br><br><u>Clerk of the Court to Serve Federal Defender</u> |

Petitioner Hilario Montes Regalado ("Petitioner"), a federal immigration detainee proceeding pro se and *in forma pauperis*, initiated this action on February 9, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner is in custody of Immigration and Customs Enforcement ("ICE") at the California City Detention Facility, located in California City, California.  *Id.* ¶ 1.

Pending before the Court is Petitioner's motion seeking Court appointment of counsel. (Doc. 3).  In support of his motion, Petitioner advances grounds that he has a strong chance of success on the merits as explained in his petition and that given his status as a detained immigrant and the complexity of the law on the issue of immigration detention, he would have great difficulty in presenting the case without the assistance of counsel.  *Id.* at 2.

1

**Governing Legal Standard**

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").

**Discussion**

In the petition, Petitioner alleges that he has been detained by ICE for over 29 months (since August 17, 2023), without being afforded a bond hearing in violation of his constitutional and statutory rights.  (Doc. 1 ¶¶ 2-4, 9).  The allegations in the petition suggest that following Petitioner's initial deportation to his country and re-entry into the United States on June 16, 2007, Petitioner was detained after having resided in the United States for a significant length of time.

In the pending motion to dismiss, Respondents contend that the instant action is a successive petition for writ of habeas corpus in which Petitioner raises "precisely the same issue of prolonged detention" as a previous petition in 1:24-cv-00998-EPG (E.D. Cal. Aug. 22, 2024) that was granted in part. (Doc. 11 at 1-2).  Respondents argue that following the Court's granting in part of the first petition, Petitioner received a bond hearing in which the government demonstrated that Petitioner is a danger to the community and a significant flight risk. *Id.*  Because Petitioner requests the same relief and raises essentially the same arguments in both petitions, Respondents assert the Court dismiss the instant petition with prejudice. *Id.*

Because the issues presented in Petitioner's petition and Respondents' opposition and motion to dismiss indicate that appointed counsel is necessary to the interests of justice and to prevent serious due process violations stemming from Petitioner's prolonged detention, the Court finds that appointment of counsel for Petitioner is warranted.  *See* 18 U.S.C. § 3006A(a)(2)(B)*; Chaney*, 801 F.2d at 1196.  Therefore, the Court will appoint counsel for Petitioner as set forth below.  As such, the Federal Defender's *amicus* motion seeking the appointment of counsel for

Petitioner will be denied as moot.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 3) is GRANTED.

2. Counsel is APPOINTED for Petitioner.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

4. Within **seven (7) days** of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

   a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Cori Boren at cboren@caed.uscourts.gov, and counsel will be added as counsel for Petitioner, or

   b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, file a motion to appoint counsel as CJA counsel *pro hac vice*.

5. The deadline for Petitioner to file his response/traverse to Respondents' opposition is CONTINUED to **April 24, 2026**.

6. The Federal Defender's *amicus* motion for appointment of counsel (Doc. 12) is DENIED as moot.

IT IS SO ORDERED.

Dated:   **April 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3